J-S15037-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :    IN THE SUPERIOR COURT OF
                              :            PENNSYLVANIA
                              :
            v.                   :
                              :
                              :
JANE JOHNSON                  :
                              :
              Appellant         :     No. 1901 EDA 2021

Appeal from the PCRA Order Entered September 17, 2021
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0000701-2016

BEFORE: NICHOLS, J., MURRAY, J., and SULLIVAN, J.

MEMORANDUM BY SULLIVAN, J.:          **FILED SEPTEMBER 28, 2022**

Jane Johnson ("Johnson") appeals from the order dismissing her petition filed pursuant to the Post Conviction Relief Act ("PCRA").[1] We affirm.

The PCRA court summarized the facts surrounding Johnson's conviction as follows:

> On December 7, 2015, [Johnson] walked into the 26th Police District [in Philadelphia] and reported that her boyfriend and co-defendant, James Cheevers [("Cheevers")], had murdered her long-time friend, Kathy ("the decedent"), in [the decedent's] house located on the 1300 block of Earl Street.
>
> [Johnson] said that on Friday, December 4, 2015, she received a phone call from [the decedent's] cell phone. When she answered, Cheevers was on the other end stating that he was at [the decedent's] house and had lost his cell phone in the decedent's house and that he needed [Johnson] to come over to help find it. When [Johnson] arrived at the decedent's house, [she saw] Cheevers . . . covered in blood[,] and the decedent was lying on the couch, dead and covered in blood. [Johnson] and Cheevers

_____

[1] See 42 Pa.C.S.A. §§ 9541-9546.

looked for the cell phone but could not find it. [Johnson] then left to retrieve Cheevers'[s] car and waited out front until Cheevers exited the home and entered the vehicle. The two went to Cheevers'[s] apartment[,] [and] Cheevers did not allow [Johnson] to leave the entire weekend.

On Monday, December 7, 2015, Cheevers permitted [Johnson] to leave the apartment to go to work[, w]hereupon [Johnson] went directly to the 26th Police District to report the murder.

PCRA Court Opinion, 11/16/21, at 2-3.

Later that day, Johnson gave a video recorded statement to police and admitted that she had told Cheevers that the decedent kept money at home, that she knew Cheevers was planning to take the cash and kill the decedent, and that she helped Cheevers prepare the murder weapon by either helping him wrap a wrench in tape or providing him with the tape. Johnson further stated that Cheevers had planned the murder two weeks in advance but that she did not know how to stop him. Johnson also admitted that she and Cheevers took over $20,000 from the decedent's home and split it. Police later discovered text messages between Cheevers and Johnson planning the murder, as well as the recovery of large amounts of cash from Cheevers's garage and Johnson's home.

The Commonwealth charged Johnson with homicide, conspiracy, robbery, burglary, and related offenses. Johnson retained counsel ("plea counsel"), who hired a clinical and forensic psychologist, Elliot L. Atkins, Ed.D., P.A. ("Dr. Atkins"), to examine Johnson. Dr. Atkins met with Johnson in February and March 2017. *See* Attachment to Amended PCRA Petition, 1/6/21, at 1 ("Dr. Atkins' report"). However, there was no indication that Dr.

- 2 -

Atkins completed a written report before the scheduled discovery deadline or the May 2017 trial date.

On May 5, 2017, Johnson rejected a plea offer from the Commonwealth, and jury selection commenced that same day. *See* N.T., 5/5/17, at 33. On May 16, 2017, the parties gave opening arguments, and the Commonwealth called witnesses and played portions of Johnson's video recorded statement to police. The following day, Johnson pursued a negotiated guilty plea. *See* N.T., 5/17/17, at 14-19. In exchange for her plea to third-degree murder, conspiracy, and robbery, the Commonwealth agreed to an aggregate sentence of twenty-five to fifty years in prison and the dismissal of the first- and second-degree murder charges. Following an extensive colloquy on the record in accordance with Pa.R.Crim.P. 590, the trial court accepted the plea agreement and sentenced Johnson pursuant to the parties' negotiations. *See id*. at 9-34. Johnson did not file post-sentence motions or appeal her conviction.

Johnson timely filed a *pro se* PCRA petition in February 2018. The PCRA court appointed present counsel,[2] who filed an amended PCRA petition asserting plea counsel's ineffectiveness. Specifically, Johnson alleged that

---

[2] Before appointing present counsel, the PCRA court had appointed two previous counsel who filed petitions to withdraw and no-merit letters. *See* ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988); ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). The PCRA court did not dismiss Johnson's *pro se* petition based on the first no-merit letter, because it was deficient, nor did the court dismiss the petition based on the second no-merit letter in light of Johnson's asserted illiteracy. *See* PCRA Court Opinion, 11/16/21, at 1-2, n.1. Johnson's first two PCRA attorneys did not discuss Dr. Atkins.

plea counsel had hired Dr. Atkins, but failed to have him prepare a report of his forensic psychological examination before advising Johnson that "Dr. Atkins 'could not help her' and that she had no choice but to plead guilty to avoid a life sentence." *See* Amended PCRA Petition, 1/26/21, at 2-3 (unnumbered). Johnson attached to her amended petition a copy of Dr. Atkins's report, which the doctor prepared in December 2020 at present counsel's request. *See* Dr. Atkins's Report at 1.[3] Johnson asserted that Dr. Atkins's report clearly provided evidence of "mitigation." *See* Amended PCRA Petition, 1/26/21, at 4. The PCRA court issued a notice of intent to dismiss the petition. *See* Pa.R.Crim.P. 907. Johnson did not respond, and the court dismissed the petition. Johnson timely appealed, and both she and the PCRA court complied with Pa.R.A.P. 1925.

Johnson raises the following issue for review:

Did the [PCRA] court err in denying post-conviction relief without conducting an evidentiary hearing when trial counsel was ineffective for failing to obtain from an expert forensic psychologist, after initially retaining same, then telling [Johnson] that this doctor "could not help her[,]" which induced her to enter a guilty plea, rendering this plea unknowingly entered?

---

[3] Dr. Atkins's report listed the following "diagnostic impressions": (1) post-traumatic stress disorder; (2) persistent depressive disorder; (3) cannabis use disorder; and (4) dependent personality disorder. Dr. Atkins's Report at 15. The report also discussed "battered woman syndrome" and concluded that at the time of the murder, "her personality had been broken down to the point where she felt she had no choice but to cooperate with . . . Cheevers'[s] demands." *See id*. at 17-19, 21. Dr. Atkins noted that his report intended to provide a court with information that would "contextualize, not excuse" Johnson's actions. *See id*. at 20.

Johnson's Brief at 4.

Our standard of review of an order denying PCRA relief is well settled:

> Our review of a PCRA court's decision is limited to examining whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error. We view the record in the light most favorable to the prevailing party in the PCRA court. We are bound by any credibility determinations made by the PCRA court where they are supported by the record. However, we review the PCRA court's legal conclusions *de novo*.

*Commonwealth v. Staton*, 184 A.3d 949, 954 (Pa. 2018) (internal citations and quotations omitted).

To obtain relief under the PCRA, based on an ineffective assistance of counsel claim relating to the entry of a guilty plea, a petitioner must establish:

> (1) the underlying claim has arguable merit; (2) no reasonable basis existed for counsel's actions or failure to act; and (3) petitioner suffered prejudice as a result of counsel's error such that there is a reasonable probability that the result of the proceeding would have been different absent such error. Trial counsel is presumed to be effective, and [an a]ppellant bears the burden of pleading and proving each of the three factors by a preponderance of the evidence.
>
> The right to constitutionally effective assistance of counsel extends to counsel's role in guiding his client with regard to the consequences of entering into a guilty plea. Allegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea. Where the defendant enters his plea on the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases. Thus, to establish prejudice, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. The reasonable probability test is not a stringent

one; it merely refers to a probability sufficient to undermine confidence in the outcome.

***Commonwealth v. Barndt***, 74 A.3d 185, 192-93 (Pa. Super. 2013) (internal quotations and citations omitted). Further, a PCRA petitioner has "no absolute right to an evidentiary hearing on a . . . petition, and if the PCRA court can determine from the record that no genuine issues of material fact exist, then a hearing is not necessary." ***Commonwealth v. Jones***, 942 A.2d 903, 906 (Pa. Super. 2008) (internal citation omitted); ***see also*** Pa.R.Crim.P. 907(1). Johnson asserts that Dr. Atkins's report would have provided her with mitigation evidence.

Johnson contends that if had she known that plea counsel had not obtained a report from Dr. Atkins when he advised her that the doctor "could not help her," she would have rejected the Commonwealth's plea offer of twenty-five to fifty years of imprisonment. ***See*** Johnson's Brief at 10-11.

The PCRA court addressed Johnson's claims and explained that she failed to establish that plea counsel misled her when she entered her plea. ***See*** PCRA Court Opinion, 11/16/21, at 6. The court determined that because Johnson had clearly admitted to a conspiracy to commit first- or second-degree murder in her statements to police, the trial risked "the very real possibility of a life sentence", and "it [was] highly unlikely that [Johnson] would have rejected the plea deal and continued with her trial had she known that [Dr. Atkins's report] was not completed." ***See*** id. at 6-7. Further, the court concluded that the Dr. Atkins's report would not have given Johnson additional "leverage to secure a lower sentence." ***See id***. at 7.

Based on our review, we conclude that the record supports the PCRA court's findings. Johnson focuses on the fact that Dr. Atkins did not author his report before the entry of her plea. However, aside from her assertion that the Dr. Atkins's report contained "mitigation" evidence, she points to no portion of the report containing a fact or opinion that was unknown to the parties or the trial court when she entered the negotiated guilty plea on the second day of trial.

Moreover, Johnson's issue appears to focus on the possibility that she could have negotiated a better sentence. **See** Johnson's Brief at 11 (noting that the contents of Dr. Atkins's report provided "mitigation"); **accord** Reply to Commonwealth's Motion to Dismiss, 4/17/21, at 1 (arguing that "had [Dr. Aikens's report] been completed and forwarded prior to an offer being conveyed . . . the offer would very likely have been different). However, the law does not require that a defendant be pleased with the outcome of her decision to plead guilty. **See Commonwealth v. Brown**, 48 A.3d 1275, 1277 (Pa. Super. 2012) (noting that a defendant need not be pleased with the results of the decision to enter a guilty plea; all that is required is that the defendant's decision to plead guilty be knowingly, voluntarily and intelligently made). Here, the trial court conducted a thorough colloquy when accepting Johnson's plea, **see** N.T., 5/17/17, 9-34, and we conclude that Johnson's amended PCRA petition, as well as her arguments before this Court, have failed to establish that there were genuine issues of material fact that plea

counsel's advice was deficient or that Johnson's decision to plead guilty to avoid a life sentence was unknowing, unintelligent, or involuntary.

In sum, finding no basis in the record or the law to disturb the PCRA court's determinations, we affirm the order dismissing Johnson's petition without a hearing. Accordingly, no relief is due.

Order affirmed.
Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/28/2022